Case 2:07-cv-00109-J Document 5 Filed 06/19/07 Page 1 of 3 PageID 20



**FILED**
**JUNE 19, 2007**
KAREN S. MITCHELL
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| GREGORY JAMES SHELTON, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:07-CV-0109 |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## REPORT AND RECOMMENDATION TO DISMISS
## PETITION FOR A WRIT OF HABEAS CORPUS

Petitioner GREGORY JAMES SHELTON has filed with this Court a petition for a writ of habeas corpus challenging a disciplinary proceeding which took place at the Neal Unit in Potter County, Texas on March 27, 2006. As of the date the instant habeas application was filed, petitioner remained incarcerated at the Neal Unit. In his habeas application, petitioner has not provided his underlying conviction information but according to Texas Department of Criminal Justice (TDCJ) records, it appears petitioner is incarcerated pursuant to three (3) 1993 convictions out of Harris County, Texas for the offenses delivery of a controlled substance cocaine, robbery, and unauthorized use of a motor vehicle. Petitioner avers he is ineligible for mandatory supervised release.[1]

Title 28 U.S.C. § 2244(d) establishes a one-year limitation period during which persons who are in custody pursuant to a judgment of a state court may file a federal application for a writ

---

[1] In order to challenge a prison disciplinary adjudication by way of a federal petition for a writ of habeas corpus, a petitioner must, at a minimum, be eligible for mandatory supervised release <u>and</u> have received a punishment sanction which included forfeiture of previously accrued good time credits. *See Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000). It does not appear petitioner would be entitled to relief even if the instant petition were not time barred.

of habeas corpus. The statute of limitations is applicable to a prison disciplinary proceeding and in calculating the statute of limitations for disciplinary proceedings, the date of the disciplinary hearing decision is used as the factual predicate date. *Kimbrell v. Cockrell*, 311 F.3d 361 (5th Cir. 2002). Any appeal filed pursuant to the grievance procedure tolls the statute of limitations period if grievances are timely filed. *Id.* In the instant case, petitioner filed a Step 1 Grievance which was denied on April 4, 2006 and he filed a Step 2 Grievance which was denied on May 9, 2006. As such, petitioner's federal petition was due no later than May 9, 2007. Petitioner has declared he placed the instant application in the prison mailing system on June 5, 2007, approximately one (1) months too late.[2] Applying the *Kimbrell* analysis to this petition, petitioner's habeas application is time-barred.

## RECOMMENDATION

It is the RECOMMENDATION of the undersigned United States Magistrate Judge to the United States District Judge that the petition for a writ of habeas corpus filed by petitioner GREGORY JAMES SHELTON be DISMISSED as time barred.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 19th day of June 2007.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

---

[2] *See Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (a prisoner's *pro se* federal habeas petition is deemed filed when the inmate delivers the papers to prison authorities for mailing).

# * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(B), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(D). When service is made by mail or electronic means, three (3) days are added after the prescribed period. Fed. R. Civ. P. 6(e). Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).